IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BRIDGET RENA ROBERTS                                                                         PLAINTIFF

v.                                                No. 4:06CV00617 JLH

CINGULAR WIRELESS COMPANY                                                           DEFENDANT

# OPINION

On March 20, 2007, Cingular Wireless Company filed a motion for summary judgment. That motion was properly supported pursuant to Fed. R. Civ. P. 56. The supporting papers were sufficient to establish a prima facie case of entitlement to summary judgment. Under Local Rule 7.2(b), the response to the motion for summary judgment was due on April 3, 2007. The plaintiff did not file a response. On April 4, 2007, the Court wrote the plaintiff and stated:

> Cingular Wireless Company filed a motion for summary judgment on March 20, 2007. No response has been filed to date. As I read the local rules, a response to the motion was due on April 3, 2007, I am writing to inquire as to whether you oppose the motion. If I have not heard from you within five business days, I will assume that you do not oppose the motion for summary judgment and will act accordingly.

More than five business days have elapsed, and the plaintiff has not responded to the Court's letter.

Rule 56(c) provides, in pertinent part: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Here, the pleadings, depositions, and affidavits on file show that there is no genuine issue of material fact and that Cingular Wireless Company is entitled to judgment as a matter of law. A judgment will be entered separately.

IT IS SO ORDERED this 12th day of April, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE